Judge Simpson
delivered the opinion of the Court.
The obligation, executed by Mudd to his vendee, for a deed to the land sold, contains land, which it is contended, is different from that described in the deeds under which the vendor claims. Those deeds do not fix, with exact certainty, the land which they include. They purport to convey two hundred acres of land to be bounded as follows, viz: beginning at an elm and two beeches, the most southwardly corner of James Patton’s, Benjamin Pope’s, and Mark Thomas’, eight hundred and fifty-three acre survey, that joins James Patton’s eight thousand four hundred acre survey; thence with their line, so far as to make one side of the said tract of two hundred acres hereby conveyed; thence, in such course and directions, as will cause the said quantity of two hundred acres of land to be in a parallelogram, or which shall not be more than twice as long as it is wide. The beginning corner, in the. deeds, is the same that is called for, as the beginning corner* in the patent from the Commonwealth; and the boundary in all the deeds is precisely similar, including the one executed by the patentee, down through several conveyances, to the one executed to Mudd, the present vendor.
Wiiere there is uncertainjr A. grajt aii,4 an election tífet election iaXútR Sptf* grantee: (Vin. ab. 49.) And that is certain which map he rendered certain : U SheVi Touch. 250.)
The two hundred acres of land sold by Mudd, and which he has bound himself to convey to his vendee} is described by a boundary, beginning at the same corner, and running with the line of the patentee one hundred and sixty poles; thence, at right angles two hundred poles; thence, at right angles, one hundred and sixty poles, to the line first called for in the deeds; thence, with that line, two hundred poles to the beginning. The land, thus bounded, has a base line of two hundred poles on the line called for in the deeds, and with its location, in this form, is certainly consistent the boundary therein designated. The questio is, had Mudd a right, holding under these deeds form and locality to the two hundred acres whin conveyed?
The general rule is, that of every thing unter which is granted, election remains to him to who' efit the grant was made to make the same (Viner's Abridgement, vol. 14, page 49.) And a description in a grant, which can be made certain, is sufficient, and the land will pass to the grantee: (Sheppard's Touchstone, vol. 1, 250.)
According to this doctrine, as the description of the land would be rendered certain, these conveyances passed the title to Mudd ; and as none of the previous vendees had exercised the right of election, it passed to him, also, as an incident to the title. When he had the land surveyed, and sold a certain boundary that was consistent with the description contained in the deeds, the act of thus selling amounted to an election, and rendered the form and boundaries of the land conveyed certain, although it had been previously uncertain. The objection to the title, on this ground, cannot, therefore, be sustained as valid.
As it regards the conflicting claim in the name of L.Wheeler’s heirs, it is only necessary to remark that, although an interference is proved to exist between the' claims, and the claim is also proved to cover a part of the' land sold, yet as it does not appear that Wheeler’s heirs have any title to the land claimed by them, or ever haá *146 actual possession of any part of the interference, their possession and that of those persons under whom they • claim, having been outside of the interference, cannot be made available against Mudd or his vendee, who hold a title to the land, regularly derived from the Commonwealth.
A patty filing exceptions to depositions should ask a decision upon the exceptions: if this be not done they will be taken by the C. A. , to have been waived.
Armstrong for appellant,- McHenry for appellee.
And if the claim of J. Wheeler interferes with the land sold, as the extent of that interference was not shown, and it may not include the one thousandth part of an acre, the Court very properly disregarded the testimony, that some part of the tract sold, had been enclosed and held in possession for many years under the claim of John Wheeler.
No disposition having been made by the Court of the exception filed to the deposition of a witness, it must be deemed to have been waived. If a party filing an exception to a deposition intends to rely upon it, he must bring it before the Court below, and have some action upon it there, or it cannot be noticed in this Court, but it will be presumed to have been waived by the party that filed it.
The Court had jurisdiction to enforce the vendor’s lien for the payment of the purchase money, or in other words to decree a specific execution of the contract. And as the vendor retained the legal title, the land was liable, in the hands of sub-purchasers, for the balance of the purchase money Unpaid. As a Court of Equity had jurisdiction, it was not necessary a judgment at law should have been obtained, much less that an execution should have been returned no property found, previous to the application, by the vendor, to the Chancellor for the enforcement of his lien.
Wherefore, the decree is affirmed.